**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JOHNSON CONTROLS FIRE PROTECTION, LP | CIVIL ACTION NO. 19-1279 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| U.S. DEPT. OF ARMY | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Now before the Court is a Motion to Dismiss for lack of subject matter jurisdiction filed by Defendant, the United States Department of the Army ("Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(1). [Record Document 7]. The motion is unopposed. For the reasons discussed below, the case is **TRANSFERRED** to the Court of Federal Claims.

**BACKGROUND**

The instant case was removed by Defendant from the Twenty-Sixth Judicial District Court, Parish of Bossier, Louisiana. Record Document 1, p. 1. In its petition, Plaintiff alleges that it entered into contracts with Defendant "for service, labor and materials and related work for repairs to a fire panel." Record Document 1-1, ¶ 4. Plaintiff states that it has "fully and satisfactorily performed its scope of work under the terms" of the contracts but has not yet been paid in full by Defendant. *Id.* at ¶s 5–6. Plaintiff sent a formal demand letter to Defendant on December 19, 2018, for the unpaid amounts, but Defendant still refused to pay. *Id.* at ¶s 11–12. Plaintiff claims that Defendant is liable for breach of contract and seeks a judgment for the principal unpaid amount of $19,053.15, plus interest, statutory penalties, attorney's fees, costs, and expenses. *Id.* at ¶s 6 & 13–14.

## LAW & ANALYSIS

### I. Standard of Review

Motions filed under Rule 12(b)(1) allow a defendant to challenge the subject matter jurisdiction of the court to hear a case. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). As the party asserting jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. *Ramming*, 281 F.3d at 161. Courts are to accept the veracity of the facts and accusations set forth in a complaint, and any motion to dismiss based on Rule 12(b)(1) should only be granted when "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders*, 143 F.3d at 1010); *see Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

### II. Analysis

In its motion to dismiss, Defendant argues that it is entitled to sovereign immunity from this matter.[1] Record Document 7-1, p. 1. It is well established that "[a]bsent a wavier, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). A lack of waiver of sovereign immunity "deprives federal courts of subject matter jurisdiction." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006). As a department of the United States, Defendant is entitled to sovereign immunity. *Dep't of Army v. Blue Fox, Inc.*, 525

---

[1] Defendant also argues that the Court does not have jurisdiction over this case pursuant to the doctrine of derivative jurisdiction. Record Document 7-1, p. 1. Because the Court finds that it lacks subject matter jurisdiction over this case, it need not examine Defendant's arguments regarding derivative jurisdiction.

U.S. 255 (1999) (applying sovereign immunity to claims against the Department of the Army). Thus, in order to sue Defendant, Plaintiff "must show that there has been a valid waiver of sovereign immunity." *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007). Such a waiver cannot be implied, but rather must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). If sovereign immunity has been waived, the waiver shall be strictly construed in favor of the sovereign. *Id.* When a plaintiff claims that the Government is liable for monetary damages, as does Plaintiff in the instant case, "the waiver of sovereign immunity must extend unambiguously to such monetary claims." *Id*.

It is well settled that 28 U.S.C. § 1491(a)(1) and 28 U.S.C. § 1346(a)(2), provide a limited waiver of sovereign immunity and establish federal jurisdiction over certain non-tort claims against the United States, including those "founded either upon the Constitution, or any Act of Congress or any regulation or an executive department, or upon any express or implied contract with the United States." *See Heisig v. United States*, 719 F.2d 1153, 1154 n. 1, 1155 (Fed. Cir. 1983). Plaintiff requests a remedy for $19,053.15 plus interest for Defendant allegedly breaching a contract. Record Document 1-1, p. 3. But § 1346(a)(2), which grants jurisdiction to federal district courts, extends only to claims "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). By contrast, § 1491(a)(1) does not bar claims above the given threshold, but it limits a claimant's jurisdictional access to justice exclusively to the Court of Federal Claims. *See id.* § 1491(a)(1). Hence, a claim for more than $10,000 cannot survive in district court under either statute. *See Adeleke v. United States*, 355 F.3d 144, 152 (2d Cir. 2004). However, "if it is in the interest of justice," a district court may transfer any such action to the Court of Federal Claims pursuant to 28 U.S.C. § 1631, rather than dismissing it outright. *Id.* (citing *Waters v. Rumsfeld*, 320 F.3d 265, 272 n. 8 (D.C. Cir. 2003)).

In lieu of dismissal, the Court finds that, pursuant to § 1631, it is in the interest of justice to cure the want of jurisdiction by transferring Plaintiff's claims to the Court of Federal Claims. *See Dunn McCampbell Royalty Interest v. Nat. Park Serv.*, 964 F.Supp. 1125, 1139 (S.D. Tex. 1995). As such, Defendant's motion to dismiss for lack of subject matter jurisdiction [Record Document 7] is hereby **DENIED**. Accordingly, pursuant to 28 U.S.C. § 1631, this case is **TRANSFERRED** in its entirety to the Court of Federal Claims.

## CONCLUSION

The Clerk of Court is respectfully directed, for the foregoing reasons, to transfer this case to the United States Court of Federal Claims. *See* 28 U.S.C. § 1631

**THUS DONE AND SIGNED** this 30th day of September, 2020.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE